**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

FILED IN OPEN COURT

DATE: 8-1-2024

TIME: 3:45 p.m.

INITIALS:

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cr-20164-JTF |
| | ) | |
| ANTHONY CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

---

## PLEA AND SENTENCING AGREEMENT

---

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the following constitutes the Plea Agreement reached between the UNITED STATES, represented by KEVIN G. RITZ, United States Attorney for the Western District of Tennessee, and JERMAL BLANCHARD, Assistant United States Attorney, and the defendant, ANTHONY CLARK, represented by UNAM PETER OH, defense counsel.

1.    ANTHONY CLARK agrees that he will enter a voluntary plea of guilty to Count 1 the Indictment, which charge the defendant with Carjacking, in violation of 18 U.S.C. § 2119(1). These offenses carry a maximum statutory punishment of imprisonment for not more than fifteen (15) years, a fine of not more than $250,000, a period of supervised release for not more than three (3) years, and a mandatory special assessment of $100. ANTHONY CLARK agrees that he is entering a voluntary plea of guilty to Count 1 because he is, in fact, guilty of the offenses charged in Counts 1.

3.    Pursuant to this agreement, the UNITED STATES agrees to recommend:

a.    That the defendant receive full credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1;

b.    That following the said term of imprisonment, the defendant be placed on supervised release for a period of time to be determined by the Court;

c.    That the defendant be required to pay a fine if ordered by the Court; and,

d.    That the defendant pay the mandatory special assessment fee of $100 per count, said amount due and owing as of the date sentence is pronounced.

4.    Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a total sentence of 168 months of imprisonment followed by supervised release is an appropriate sentence for Counts 1, 4, and 5 of the Indictment.  It is the intention of the parties that the Court may accept or reject this agreement immediately or after having had an opportunity to review the pre-sentence report but may not modify the agreement.  If the Court rejects this agreement, either party may withdraw from the agreement.

5.    At the conclusion of the sentencing hearing, the UNITED STATES agrees to dismiss Count 2 of the indictment.

6.    ANTHONY CLARK understands that 18 U.S.C. § 3742 gives him the right to appeal the sentence imposed by the Court.  Acknowledging this, the defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined.  Further, defendant waives and gives up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255. This waiver is made in exchange for the concessions by the UNITED STATES as set forth in this agreement.  The waiver

in this paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

7.    ANTHONY CLARK agrees that this Plea Agreement constitutes the entire agreement between himself and the UNITED STATES and that no threats have been made to induce him to plead guilty. By signing this document, ANTHONY CLARK acknowledges that he has read this agreement, has discussed it with his attorney and understands it.    ANTHONY CLARK acknowledges that he is satisfied with his attorney's representation.

FOR THE UNITED STATES:
KEVIN G. RITZ
UNITED STATES ATTORNEY

_____
JERMAL BLANCHARD
Assistant United States Attorney

8/1/24
Date

_____
UNAM PETER OH
Attorney for Defendant

August 1, 2024
Date

_____
ANTHONY CLARK
Defendant

Aug 1 2024
Date